IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN McCORD,

                                                   ORDER

              Petitioner,

                                             11-cv-180-bbc

     v.

ROBERT HUMPHREYS, Warden,
Kettle Moraine Correctional Institution,
RANDY GASSER, Extended Supervision Officer
Division of Community Corrections,
Department of Corrections,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 15, 1011, I dismissed petitioner Jonathan McCord's petition for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for his failure to exhaust his state court remedies and denied his motions for stay and abeyance and for hearing. Because petitioner has not paid the $455 fee for filing an appeal, I will construe his notice of appeal as a request to proceed in forma pauperis on appeal. Also, I will address petitioner's entitlement to a certificate of appealability.

Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. Walker

1

v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). I do not intend to certify that petitioner's appeal is not taken in good faith.

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). Specifically, from the petitioner's trust fund account statement for the six-month period immediately preceding the filing of his appeal, I add the deposits made to petitioner's account and calculate 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed in forma pauperis. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

I cannot tell whether petitioner qualifies for indigent status on appeal because he has not submitted a trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. Therefore, I will stay a decision on petitioner's request for leave to proceed in forma pauperis pending his submission of the necessary trust fund account statement.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

I dismissed petitioner's petition without prejudice for his failure to exhaust his state court remedies before bringing his petition this court. Because reasonable jurists would not disagree about this conclusion, I must deny petitioner's request for a certificate of appealability.

ORDER

IT IS ORDERED that petitioner Jonathan McCord's request for a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that a decision whether petitioner may proceed in forma pauperis on appeal is STAYED. Petitioner may have until May 23, 2011, in which to submit

3

a trust fund account statement for the six-month period beginning approximately October 25, 2010 and ending approximately April 25, 2011. If, by May 23, 2011, petitioner fails to submit the necessary trust fund account statement, I will deny his request for leave to proceed in forma pauperis on appeal for his failure to show that he is entitled to indigent status on appeal.

    Entered this 3d day of May, 2011.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge